**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROBERT WILSON, individually and on behalf of others similarly situated,**

**Plaintiff,** **Case No.: ____________________**

**v.**

**AREA WIDE PROTECTIVE, INC.,**

**Defendant.**
**______________________________________/**

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Robert Wilson, individually and on behalf of others similarly situated (hereinafter referred to as "Plaintiff"), pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), by and through his undersigned counsel, sues Defendant, Area Wide Protective, Inc. (hereinafter referred to as "Defendant" or "AWP"), and alleges as follows:

**INTRODUCTION**

1. This is an action to recover unpaid overtime wages, unpaid straight-time wages, liquidated damages, attorneys' fees, and costs. Plaintiff brings his FLSA overtime claim individually and, pursuant to 29 U.S.C. § 216(b), on behalf of similarly situated traffic-control field employees of Defendant. Plaintiff also brings an individual Florida common law claim for unpaid

straight-time wages and breach of contract and seeks attorneys' fees under section 448.08, Florida Statutes.

2. Defendant is a traffic-control company that establishes, maintains, and removes work zones on public roadways for utility, asphalt, and roadway construction clients. To perform that work, Defendant requires field employees such as Crew Leaders, who are assigned company vehicles, to load and transport traffic-control equipment, signs, cones, and materials, to transport crew members to and from job sites, and to perform pre-shift and post-shift tasks. This work is performed for Defendant's benefit and at Defendant's direction.

3. Notwithstanding that this work is integral and indispensable to Plaintiff's principal activities, Defendant maintained a uniform policy and practice of failing to pay Plaintiff and similarly situated employees for all hours worked, including approximately the first hour of travel and transportation time each workday and time spent performing pre-shift and post-shift duties. As a result, Plaintiff and similarly situated employees were denied overtime compensation for hours worked in excess of forty (40) hours per workweek in violation of the FLSA, and Plaintiff individually was not paid for all compensable straight-time hours worked in breach of his wage agreement with Defendant.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this action arises under the FLSA, a federal statute. This Court has supplemental jurisdiction over Plaintiff's state-law claim pursuant to 28 U.S.C. § 1367.

5. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b), because Defendant conducts business in this Judicial District and a substantial part of the events giving rise to Plaintiff's claims occurred in this Judicial District.

## PARTIES

6. At all times material herein, Plaintiff, Robert Wilson, was and is an adult individual and a resident of Hernando County, Florida. Plaintiff worked for Defendant out of Defendant's Clearwater and Tampa, Florida area operations.

7. Upon information and belief, Defendant, Area Wide Protective, Inc., is a foreign corporation authorized to do business in the State of Florida and doing business within this Judicial District, including in the Tampa Bay area. At all times material herein, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## FLSA COVERAGE

8. At all times material herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that it (a) had employees engaged in commerce or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including company vehicles, tablets, signs, cones, barricades, and other traffic-control equipment and materials, and (b) had an annual gross volume of sales made or business done of not less than $500,000.00.

9. At all times material herein, Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(1), Defendant was Plaintiff's "employer" within the meaning of 29 U.S.C. § 203(d), and Defendant "employed" Plaintiff within the meaning of 29 U.S.C. § 203(g).

10. Alternatively, Plaintiff was individually covered under the FLSA because, as part of his job duties for Defendant, Plaintiff regularly engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a)(1).

11. At all times material herein, Plaintiff and the similarly situated employees were non-exempt employees entitled to the protections of the FLSA.

## FACTUAL ALLEGATIONS

### *Plaintiff's Employment and Job Duties*

12. Defendant provides temporary traffic-control services, including the establishment, maintenance, and removal of work zones on public roadways, in support of utility, asphalt, and roadway construction clients.

13. Plaintiff began his employment with Defendant in or around August 2019 as a Flagger. In or around July 2021, Plaintiff was promoted to Crew Leader. Plaintiff worked for Defendant for approximately six years, until he resigned in or around June 2025.

14. As a Crew Leader, Plaintiff set up, maintained, and broke down traffic-control work zones at job sites for Defendant's utility and asphalt clients.

15. Defendant assigned Plaintiff a company vehicle (an AWP truck), which Plaintiff was required to take home and keep at his residence each day.

16. Defendant issued Plaintiff a company tablet through which Plaintiff received his daily job orders and assignments. Plaintiff was required to use the tablet to determine his assigned job site, to identify the crew members assigned to him, and to navigate to the assigned job sites.

17. Defendant controlled the locations of the job sites to which Plaintiff was assigned and provided Plaintiff with jobsite, crew, and route information through its tablet or electronic assignment system.

***Plaintiff's Compensable Pre-Shift, Transport, and Post-Shift Work***

18. As a Crew Leader, Plaintiff was responsible for obtaining and operating the company vehicle, ensuring that traffic-control equipment, signs, cones, barricades, and materials were loaded, and transporting that equipment and materials to and from the assigned job sites.

19. Plaintiff was also responsible for transporting crew members and other employees to and from the assigned job sites in the company vehicle. On many days, Defendant required Plaintiff to pick up flaggers or other crew members before arriving at the job site, and those pickup locations could be as far as approximately forty-five (45) minutes away.

20. Before leaving for the job site each day, and following return at the end of the day, Plaintiff was required to perform pre-shift and post-shift tasks that were not compensated, including performing vehicle and equipment inspections, taking pre-trip and post-trip photographs, fueling the company vehicle, cleaning the company vehicle, performing equipment checks, bringing the vehicle for regular maintenance, and performing other assignment-related work.

21. These transportation, pre-shift, and post-shift duties were mandatory and were performed at Defendant's direction. They were integral and indispensable to Plaintiff's principal work activities because Defendant's

crews could not establish, maintain, or remove work zones without the assigned crew members, company vehicle, and traffic-control equipment arriving at the job site. Plaintiff's workday began when he commenced these principal activities and did not end until his post-shift duties were complete.

22. Plaintiff's transportation of crew members and equipment was not voluntary carpooling and was not ordinary home-to-work commuting. Plaintiff transported Defendant's employees, traffic-control equipment, and materials at Defendant's direction, in a company vehicle owned and maintained by Defendant, for Defendant's benefit, and as a required component of Defendant's traffic-control operations.

***Defendant's Pay Practices***

23. Despite requiring Plaintiff to perform the work described above, Defendant maintained a uniform policy and practice of failing to pay Plaintiff and other Crew Leaders for approximately the first hour of travel and transportation time each workday, as well as for the pre-shift and post-shift duties described herein.

24. Upon information and belief, Defendant billed and charged its clients for the same travel and transportation time for which it refused to pay Plaintiff and other Crew Leaders.

25. When Plaintiff and other employees questioned Defendant about the unpaid

time, Defendant stated that the time was not compensable because Defendant provided the company vehicle and fuel, and Defendant continued the practice despite those complaints.

26. When all hours worked are counted, including the unpaid transportation time and the unpaid pre-shift and post-shift time, Plaintiff regularly worked more than forty (40) hours in a workweek for which he was not compensated at one and one-half times his regular rate of pay.

27. As a result of Defendant's policies and practices, Plaintiff was not paid for all hours worked, including in workweeks in which he worked more than forty (40) hours but was denied overtime because of the excluded time, and in workweeks in which he worked fewer than forty (40) hours but was not paid at his regular rate for all compensable hours worked.

28. Defendant failed to keep accurate records of the actual number of hours worked by Plaintiff and similarly situated employees.

29. Records, documents, and other evidence reflecting the actual number of hours worked by Plaintiff, including GPS and drive-time data, tablet assignment data, and vehicle records, are in the possession, custody, and control of Defendant and will be obtained in discovery.

***Defendant's Knowledge***

30. Defendant's company vehicles were equipped with GPS and drive-time

tracking systems. Through these systems, together with the tablet assignments it issued, its control over routes and job-site locations, its assignment of crew pickups, and the vehicle and time records it maintained, Defendant knew or should have known the actual number of hours Plaintiff and other Crew Leaders worked, including the transportation, pre-shift, and post-shift time described herein.

31. Defendant knew or had reason to know that Plaintiff and other Crew Leaders performed compensable work before, during, and after the transportation time, and failed to compensate them for all hours worked.

32. Defendant's failure to compensate Plaintiff and similarly situated employees for all hours worked was willful and was carried out pursuant to Defendant's uniform policies and practices.

33. Plaintiff has retained the undersigned counsel to represent his interests in this action and is obligated to pay them a reasonable fee for their services.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff brings Count II of this action as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees.

35. The proposed FLSA collective (the "FLSA Collective") is defined as:

> All current and former Crew Leaders, Lead Flaggers, Foremen, Flagger-Drivers, and other similarly situated employees employed by Defendant during the three (3) years preceding the filing of this Complaint who transported personnel and/or equipment in company vehicles and were not paid for all hours worked.

36. At all times material herein, Defendant employed numerous individuals who performed the same or similar job duties as Plaintiff and who were subject to the same compensation policies and practices. Such individuals were similarly situated to Plaintiff with respect to the terms and conditions of their employment.

37. Plaintiff and the members of the FLSA Collective were subject to Defendant's common policy and practice of failing to pay for approximately the first hour of travel and transportation time and for pre-shift and post-shift work performed in company vehicles, resulting in unpaid overtime and unpaid wages.

38. Throughout their employment, the members of the FLSA Collective were required to work, and did work, a substantial number of hours in excess of forty (40) hours per workweek for which they were not compensated at the required overtime rate.

39. Defendant's failure to pay the members of the FLSA Collective for all hours worked, including at the required overtime rate, was intentional and willful.

40. The members of the FLSA Collective are readily identifiable and locatable through Defendant's records, including its payroll records, timekeeping records, tablet assignment data, GPS and drive-time data, and vehicle records.

41. Because the members of the FLSA Collective were subject to the same policies and practices described herein, this action is properly maintained as a collective action, and notice should be issued to the members of the FLSA Collective advising them of their right to opt in to this action pursuant to 29 U.S.C. § 216(b).

**COUNT I**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME (INDIVIDUAL)**

42. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 33 as though fully set forth herein.

43. Defendant is subject to the requirements of the FLSA, as amended, 29 U.S.C. § 216(b).

44. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207.

45. Plaintiff was a non-exempt employee entitled to the overtime protections of the FLSA.

46. Throughout his employment with Defendant as a Crew Leader, Plaintiff worked in excess of forty (40) hours per workweek, including when all compensable transportation, pre-shift, and post-shift time is properly counted, for which he was not compensated at the required overtime rate.

47. Defendant's failure to pay Plaintiff overtime compensation at a rate of not less than one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per workweek violates the FLSA, 29 U.S.C. § 201, et seq., including 29 U.S.C. § 207.

48. Defendant knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per workweek.

49. Defendant's violations of the FLSA were willful and in reckless disregard of the rights of Plaintiff, entitling Plaintiff to a three-year statute of limitations pursuant to 29 U.S.C. § 255(a).

50. As a direct result of Defendant's violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 207 and 216(b), and has incurred reasonable attorneys' fees and costs.

51. As a result of Defendant's violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, an equal amount in liquidated damages,

and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME (COLLECTIVE ACTION)

52. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 41 as though fully set forth herein.

53. Plaintiff brings this Count individually and on behalf of the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

54. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207.

55. At all times material herein, the members of the FLSA Collective were non-exempt employees who were required to work, and did work, in excess of forty (40) hours per workweek.

56. Defendant failed to compensate the members of the FLSA Collective at a rate of not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA, 29 U.S.C. § 201, et seq., including 29 U.S.C. § 207.

57. Defendant knew or had reason to know that the members of the FLSA Collective performed work in excess of forty (40) hours per workweek.

58. Defendant's failure to pay the members of the FLSA Collective the required overtime compensation was willful and in reckless disregard of their rights.

59. As a direct and legal consequence of Defendant's unlawful acts, the members of the FLSA Collective have suffered damages by being denied overtime wages and have incurred, or will incur, costs and reasonable attorneys' fees in the prosecution of this matter.

60. The members of the FLSA Collective are entitled to recover their unpaid overtime wages, an equal amount in liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT III
## FLORIDA COMMON LAW CLAIM FOR UNPAID WAGES / BREACH OF CONTRACT

61. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 41 as though fully set forth herein. Plaintiff brings this Count individually.

62. Defendant agreed to pay Plaintiff an hourly wage for work performed for Defendant's benefit. This agreement was reflected in the terms and conditions of employment established by Defendant, including through Defendant's pay practices, representations to Plaintiff regarding compensation, and the hourly wage rate at which Plaintiff was engaged.

63. Plaintiff performed compensable work for Defendant during his

employment, including required transportation of crew members and traffic-control equipment in company vehicles, vehicle-related and equipment-related duties, and the pre-shift and post-shift work described above, all at Defendant's direction.

64. Plaintiff earned wages over the course of his employment that remain unpaid. Specifically, Defendant failed to compensate Plaintiff at his agreed hourly rate for all compensable non-overtime hours worked, including hours spent on transportation, pre-shift duties, and post-shift duties that Defendant excluded from paid time.

65. Defendant breached its agreement with Plaintiff by failing and refusing to pay Plaintiff all earned wages due for compensable work performed.

66. As a direct and proximate result of Defendant's failure to pay Plaintiff all earned wages, Plaintiff has suffered damages in an amount to be determined at trial.

67. Plaintiff has retained the undersigned counsel and is obligated to pay them a reasonable fee for their services.

68. Pursuant to section 448.08, Florida Statutes, Plaintiff seeks an award of reasonable attorneys' fees and costs as the prevailing party in this action for unpaid wages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the FLSA Collective, respectfully requests that this Court enter judgment in his and their favor and against Defendant and award the following relief:

a. Awarding Plaintiff and the members of the FLSA Collective unpaid overtime compensation for all hours worked in excess of forty (40) hours per workweek during the applicable limitations period;

b. Awarding Plaintiff and the members of the FLSA Collective an equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

c. Awarding Plaintiff unpaid straight-time wages and damages for breach of contract under Florida common law for all compensable hours worked for which he was not compensated at his agreed hourly rate;

d. Awarding pre-judgment and post-judgment interest to the extent permitted by law;

e. Awarding reasonable attorneys' fees, costs, and expenses of litigation pursuant to 29 U.S.C. § 216(b) and, as to Count III, section 448.08, Florida Statutes;

f. Authorizing the issuance of notice to the members of the FLSA Collective advising them of their right to opt in to this action pursuant to 29 U.S.C. § 216(b);

g. Declaring that Defendant's pay practices violated the FLSA; and

h. Ordering any other and further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of the members of the FLSA Collective, demands a trial by jury on all issues so triable.

Dated this 4th day of September, 2026.

Respectfully submitted,

**FLORIN | GRAY**

*/s/ Troy E. Longman II*
**TROY E. LONGMAN II, ESQUIRE**
Florida Bar No.: 1031921
Primary: tlongman@floringray.com
Secondary: debbie@floringray.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wflorin@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone: (727) 220-4000
Facsimile: (727) 483-7942

Trial Attorneys for Plaintiff